Hiang v. Lynch

BIA
Videla, IJ
A088 533 363

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of November, two thousand fifteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> PETER W. HALL,
> > *Circuit Judges.*

_____

LIM HWEE HIANG,
> *Petitioner,*

v.                                        13-238
                                          NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Lim Hwee Hiang, Pro Se, Flushing, New York.

**FOR RESPONDENT:**          Stuart F. Delery, Assistant Attorney General; Shelley R. Goad, Assistant Director; Kristen Giuffreda

Chapman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lim Hwee Hiang, a native and citizen of Singapore, seeks review of a January 8, 2013, decision of the BIA affirming a March 17, 2011, decision of an Immigration Judge ("IJ") denying Hiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lim Hwee Hiang,* No. A088 533 363 (B.I.A. Jan. 8, 2013), *aff'g* No. A088 533 363 (Immig. Ct. N.Y. City Mar. 17, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C.

§ 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Hiang applied for asylum and related relief based on a claim that she had been persecuted in Singapore and feared future persecution because she practiced Falun Gong and had been critical of Singapore's government. As the agency found, Hiang did not demonstrate past persecution because she testified that she was never harmed or threatened in Singapore. *See* 8 U.S.C. § 1101(a)(42)(A); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341-42 (2d Cir. 2006).

Furthermore, the agency did not err in finding that Hiang failed to establish an objectively reasonable fear of future persecution. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). While Hiang testified that she had sent an email critical of the government to other Falun Gong practitioners, and that email was forwarded to a list serve, she also conceded that she had no evidence that Singapore's government intercepted the email or even was aware of it. *See Y.C. v. Holder*, 741 F.3d 324, 333-34 (2d Cir. 2013); *Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005).

3

Because Hiang did not show that anyone in Singapore was aware of either her practice of Falun Gong or her criticism of the government, or sought to harm her, the agency did not err in finding that she did not establish a well-founded fear of future persecution. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Moreover, because Hiang was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on her claims for withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4